UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. QUILICI,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | No. 2:16-cv-1523 MCE AC (PS)<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. The request will be denied because (1) plaintiff failed to sign the affidavit he submitted to establish IFP status, and (2) the complaint, in its current form, is frivolous.

I. INSUFFICIENT INFORMATION IN THE IFP APPLICATION

Plaintiff's in forma pauperis application leaves the signature line blank, and therefore does not qualify as the "affidavit" required by 28 U.S.C. § 1915(a)(1).

II. SCREENING

Where "plaintiff's claim appears to be frivolous on the face of the complaint," the district court may "deny[] plaintiff leave to file *in forma pauperis*." O'Loughlin v. Doe, 920 F.2d 614,

1

1    617 (9th Cir. 1990).  A claim is legally frivolous when it lacks an arguable basis either in law or

2    in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this

3    standard, the court will (1) accept as true all of the factual allegations contained in the complaint,

4    unless they are clearly baseless or fanciful, (2) construe those allegations in the light most

5    favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S.

6    at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art

7    at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th

8    Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of

9    factual allegations, or allegations that contradict matters properly subject to judicial notice.  See

10   Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State

11   Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

12       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

13   Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may

14   only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

15   of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.

16   2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

17   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

18   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

19       A.  The Complaint

20       The complaint alleges civil rights violations, and is brought under 42 U.S.C. § 1983.  The

21   allegations of the complaint are taken as true only for the purposes of this screening.

22       The complaint alleges that plaintiff was stopped twice by law enforcement officers.  In the

23   first incident, on March 27, 2014, at 2:30 a.m., officer Richard Anglesey of the California

24   Highway Patrol "engaged in a traffic stop" on plaintiff's car.  Complaint at 2.  Officer Anglesey

25   stated that plaintiff was being stopped "for tinted windows and a dimmed drivers side headlight."

26   Id.  After giving plaintiff a field sobriety test, the officer arrested plaintiff for "Driving under the

27   ////

28   ////

1  influence 8.0 or more VC 23152(A)  23152(B)." Complaint at 2.[1] The complaint then alleges
2  that "the arresting officer had no grounds nor evidence to suspend the plaintiff Drivers License
3  for DUI (VC 13353.2)." Id.[2]
4      In the second incident, on July 3, 2014 at 4:00 a.m., plaintiff's car was again stopped by
5  officer Anglesey. Id. This time, the officer stated that plaintiff was "all over the road." Id.
6  Plaintiff was given a field sobriety test, and was then arrested "for driving on a suspended license
7  for (23152(e) Drugs, VC  13353.2." Id. at 2-3.[3] Plaintiff's car was then impounded for 30 days.
8  Id. at 3.[4] Plaintiff alleges that the impoundment occurred because this was his "second arrest for
9  DUI." Id. at 3.
10     It is not entirely clear who is a named defendant in this action. The caption of plaintiff's
11 complaint lists only "California Highway Patrol," "Office of Protective Intelligence," and
12 "Department of Motor Vehicles." Complaint at 1. However, the body of the complaint states that
13 "Defendant falsely arrested the Plaintiff," and identifies the "Arresting Officer" as "Richard
14 Anglesey (019574)." The undersigned therefore interprets the complaint as naming officer
15 Anglesey as a defendant.
16     The only relief sought is listed as "Monetary." Id. 3.
17     B. Analysis
18        1. State defendants are immune
19     The California Highway Patrol ("CHP") and the Department of Motor Vehicles are
20 Department within the state of California. Cal. Veh. Code §§ 1500 (DMV), 2100 (CHP). Both

---

[1] "(a) It is unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle. . . . (b) It is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle." Cal. Veh. Code § 23152.
[2] "(a) The department shall immediately suspend the privilege of a person to operate a motor vehicle for any one of the following reasons: . . . (1) The person was driving a motor vehicle when the person had 0.08 percent or more, by weight, of alcohol in his or her blood." Cal. Veh. Code § 13353.2.
[3] "It is unlawful for a person who is under the influence of any drug to drive a vehicle." Cal. Veh. Code § 23152(e).
[4] See "Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, . . . the peace officer may . . . immediately arrest that person and cause the removal and seizure of that vehicle . . .. A vehicle so impounded shall be impounded for 30 days." Cal. Veh. Code § 14602.6(a)(1).

3

are therefore "state agencies." Cal. Gov't Code § 11000 ("As used in this title, 'state agency' includes every state office, officer, *department*, division, bureau, board, and commission"). As such, CHP and DMV are immune from this suit for "Monetary" damages in this court. Howlett ex rel. Howlett v. Rose, 496 U.S. 356, 365 (1990) ("the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court") (citing Will v. Michigan Department of State Police, 491 U.S. 58, 70 (1989)); Flint v. Dennison, 488 F.3d 816, 824 (9th Cir. 2007) (same), cert. denied, 552 U.S. 1097 (2008).

The defendant "Office of Protective Intelligence" is not defined in the complaint, and no allegations are made against it.[5] Accordingly, this action is frivolous in regard to that entity.

### 2. Failure to state a claim

Plaintiff's complaint alleges violations of 42 U.S.C. § 1983. Specifically, the complaint alleges that plaintiff was "falsely arrested . . . on two separate occasions" and that "Defendant . . . deprived him of his mode of transportation for 30 days." Complaint at 1. The court reads these allegations to be attempts at claiming that plaintiff was subject to unlawful seizures in violation of the Fourth Amendment of the U.S. Constitution.

However, there is no factual allegation in the complaint that supports any such claims. To the contrary, the complaint alleges that, according to the field sobriety test, plaintiff was driving with a blood-alcohol content of 0.08 percent. Under California law, it is unlawful to drive in that condition. Cal. Veh. Code § 23152(b) ("It is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle"). The complaint further indicates that the officer witnessed plaintiff driving in that condition, since the officer pulled plaintiff over while plaintiff was driving. Complaint at 2. There is nothing in the complaint to indicate that the arrest which followed was unlawful or otherwise in violation of plaintiff's rights. See Cal. Penal Code § 836(a) (officer may arrest if he has "probable cause to believe that the person to be arrested has committed a public offense in the officer's presence").

---

[5] Indeed, the undersigned cannot determine if this entity is alleged to be a part of CHP, or is its own entity.

The same is true for the second incident, in which plaintiff was arrested and his car was impounded. Specifically, there is nothing in the complaint to indicate that there was anything unlawful in plaintiff's being arrested for driving on a suspended license, or for driving under the influence of a drug.

Moreover, there is nothing in the complaint to indicate that plaintiff's constitutional rights were violated when his vehicle was impounded. "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005). However, the complaint alleges that the impoundment here occurred after plaintiff was arrested "for driving on a suspended license," and after his "second arrest for DUI." Complaint at 2-3. Taking the allegations as true, the officer had the authority to cause the impoundment of plaintiff's car. See Cal. Veh. Code § 14602.6(a)(1) ("Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, . . . the peace officer may . . . immediately arrest that person and cause the removal and seizure of that vehicle . . .. A vehicle so impounded shall be impounded for 30 days."); see also United States v. Jensen, 425 F.3d 698, 706 (9th Cir. 2005), cert. denied, 547 U.S. 1056 (2006) (under the "community caretaker doctrine," once the arrest was made, the officer was permitted "to seize and remove any vehicle which may impede traffic, threaten public safety, or be subject to vandalism").

### III.  AMENDING THE COMPLAINT

Plaintiff will be provided an opportunity to amend his complaint. The court will therefore provide guidance for amendment.

The amended complaint must specifically name "all the parties to the action," as required by Fed. R. Civ. P. 10(a). Each defendant should be separately identified and defined. If plaintiff names the "Office of Protective Intelligence" as a defendant, he must include a short and plain statement identifying that entity.

The amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number,

5

and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Forms are available to help the plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

IV.  CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal with all entries on the form, including the signature line, completed.

2. If plaintiff files a proper IFP application, he may also file an amended complaint.

3. Plaintiff must file his complete IFP application and amended complaint within 30 days of the date of this order.  If plaintiff files an amended complaint, he must do his best to follow the guidance provided in this order.

DATED: July 18, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE