UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. QUILICI,<br><br>            Plaintiff,<br><br>       v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>            Defendants. | No.  2:16-cv-1523 MCE AC (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).  The court previously denied plaintiff's request to proceed in forma pauperis ("IFP") because he failed to sign the IFP application, and because his complaint failed to state a claim.  ECF No. 3.  Plaintiff was granted leave to re-submit the IFP application and to amend his complaint.  Id.

Plaintiff has re-submitted his request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 2.  Plaintiff having now filed the affidavit required by 28 U.S.C. § 1915, his IFP request will be granted.

Plaintiff has filed a document which the court construes to be his amended complaint ("Complaint").  ECF No. 4.  The Complaint names the "CHP Office of Protective Intelligence (CA0349920)," and the California Department of Motor Vehicles as the sole defendants.  Id.

1

Plaintiff has also filed an "Exhibit List" (ECF No. 5), which the court will consider to be incorporated into the amended complaint.  See Fed. R. Civ. P. 10(c).

The complaint seeks only injunctive relief.

## I.  SCREENING

Granting IFP status does not end the court's inquiry.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in making this determination by drafting their complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way).  Plaintiffs' claims must be set forth simply, concisely and directly.  See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8).  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.  Forms are also available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western

1  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors,
2  266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

3        Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
4  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may
5  only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
6  of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th
7  Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an
8  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See
9  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

10     A.  The Complaint

11       The amended complaint alleges that plaintiff suffered a false arrest and a due process
12 violation, and is brought under 42 U.S.C. § 1983.  The allegations of the complaint are taken as
13 true only for the purposes of this screening.

14       The amended complaint names "CHP Office of Protective Intelligence (CA0349920),"
15 and California Department of Motor Vehicles as defendants.  ECF No. 4.  It alleges that on March
16 27, 2014, defendant's "Officer ANGLESEY" "falsely arrested" plaintiff for driving under the
17 influence of an alcoholic beverage.  Amended Complaint ("Complaint") (ECF No. 4) ¶ 1 (citing,
18 inter alia, Cal. Vehicle Code § 23152(a)).  As a result, plaintiff's driver's license was suspended.
19 Id.  On July 3, 2014, the same officer arrested plaintiff again, apparently for driving under the
20 influence and for driving on a suspended license ("13353.2 BAC .08").  Complaint ¶ 2.
21 Plaintiff's car was impounded under Cal. Vehicle Code § 14602.6(e).  Id.

22       Plaintiff was factually innocent of both charges, as blood tests taken on both occasions
23 showed a blood-alcohol level of 0.00%.  ECF No. 5 at 2 (Exh. 1 to the Complaint) (DMV letter
24 states "[a] review of your complete file prior to the hearing revealed blood test results indicating
25 your blood alcohol concentration in both incidents was 0.00% concluding a suspension action in
26 either case is not warranted").

27       The Complaint seeks a "settlement of Government claim G62555" from the CHP
28 defendant, and a "New hearing" from the DMV defendant.  Complaint at 3 ¶ 12.

B. Section 1983

In order to state a Section 1983 claim for an unconstitutional false arrest, plaintiff must allege facts showing that he was arrested without probable cause or other justification. Dubner v. City & County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001) ("[a] claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification"). In order to state a Section 1983 claim for violation of due process rights, plaintiff "must allege facts that, if true, show that … [defendants] deprived him of a constitutionally protected liberty or property interest without due process." Knappenberger v. City of Phoenix, 566 F.3d 936, 940 (9th Cir. 2009)

C. Analysis

Plaintiff's complaint consists almost entirely of legal conclusions. It is devoid of the factual allegations that could show that defendants violated his Fourth Amendment or Due Process Rights.

1. False Arrest – Fourth Amendment Claim

The only factual allegations in the Complaint relative to this claim are that plaintiff was twice arrested for driving under the influence of alcohol, that his license was suspended, and that plaintiff was factually innocent of both charges. However, these facts do not state a Section 1983 false arrest claim under the Fourth Amendment:

> The fact that plaintiffs had been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests. The state's failure to prove guilt beyond a reasonable doubt does not mean in connection with the arrests that it did not meet the lesser probable cause standard – a reasonable belief that an offense has been committed and that the criminal defendant committed the crime.

Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988). As the Supreme Court has stated, "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released." Baker v. McCollan, 443 U.S. 137, 145 (1979).

The exhibits incorporated into plaintiff's complaint indicate that plaintiff was arrested because he was "driving erratically." ECF No. 5 at 2. There are no contrary factual allegations in

4

1 the complaint that indicate that plaintiff was not driving erratically, or that otherwise show that
2 there was no probable cause to arrest him.

### 2. Impoundment

Plaintiff alleges that he was arrested on July 3, 2014.  Complaint ¶ 4.  As best the court can tell, plaintiff alleges that he was arrested for driving under the influence of alcohol, and for driving on a suspended license.  See Complaint ¶ 4 (plaintiff was "falsely arrested" and charged with "13353.2 BAC .08").[1]  Plaintiff alleges that his car was impounded under Cal. Vehicle Code § 14602.6(e).  Id.  Plaintiff asserts that this impoundment violated his rights under the Fourth Amendment and violated his Due Process rights.

Although the Complaint thus alleges that plaintiff's car was taken, there are no facts alleged in the Complaint that show that this was done without due process.  To the contrary, a peace officer is authorized by law to impound a vehicle driven by a person on a suspended license.  Cal. Vehicle Code § 14602.6.[2]  The statute provides for a prompt post-impoundment hearing to determine the validity of the impoundment, it provides for procedures to obtain the return of the vehicle, and it requires the impounding agency to pay all charges if it is determined that the impoundment was not valid.  Id. §§ 14602.6, 22852.  The Complaint does not allege that the procedures provided are insufficient, or that they were not available to plaintiff.  The complaint therefore fails to state a Section 1983 Due Process claim.

There are also no facts alleged in the complaint that would indicate that the seizure of the vehicle was unreasonable under the Fourth Amendment.  The impoundment was specifically authorized by state statutes, as discussed above, and also by the "community caretaker doctrine." See United States v. Jensen, 425 F.3d 698, 706 (9th Cir. 2005) (under the "community caretaker doctrine," once the arrest was made, the officer was permitted "to seize and remove any vehicle

---

[1] The exhibits to the Complaint, which are considered a part of the Complaint, confirm that plaintiff was "arrested for driving under the influence of alcohol …." ECF No. 5 at 2.  They also indicate that his license was suspended "effective May 15, 2014," and was not set aside until August 4, 2014, id., indicating that it was suspended at the time of plaintiff's July 3, 2014 arrest.  See also, ECF No. 5 at 11 ("On August 4, 2014, DMV set aside the Order of Suspension").

[2] The car may also be impounded by an officer who arrests (and takes into custody) a person for driving under the influence of alcohol, or for any other offense.  Cal. Veh. Code § 22651(h)(1).

which may impede traffic, threaten public safety, or be subject to vandalism"), cert. denied, 547 U.S. 1056 (2006).

### D. Leave To Amend

The amended complaint is, in some ways, improved over the original complaint. Plaintiff no longer seeks monetary damages from the state agency defendants, and now seeks only injunctive relief. The exhibits to the amended complaint now reveal that plaintiff was twice arrested for driving under the influence of alcohol, and that he was factually innocent of both charges. While the amended complaint still fails to state a claim, the undersigned cannot say with certainty that further amendment to the complaint would be futile. Accordingly, plaintiff will be granted another opportunity to amend the Complaint. Plaintiff has already been instructed on how to amend the Complaint, and plaintiff is referred to those instructions. See ECF No. 3 at 5-6.

## II.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 6), is GRANTED; and

2. Plaintiff's amended complaint (ECF No. 4), is DISMISSED with leave to amend within 30 days. Plaintiff is cautioned that failure to timely amend the complaint may result in a recommendation that this action be dismissed.

DATED: September 30, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE