UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. QUILICI,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>   Defendants. | No.  2:16-cv-1523 MCE AC (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21).  Plaintiff is proceeding in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915.

On October 3, 2016, the court dismissed plaintiff's first amended complaint at the screening stage, but granted him leave to amend.  ECF No. 7.  Plaintiff has now filed his second amended complaint ("Complaint"), and a request for the appointment of counsel to represent him.  See ECF Nos. 8 (Complaint), 9 (counsel request).

   I.   REQUEST FOR APPOINTMENT OF COUNSEL

District courts may not require counsel to represent indigent litigants in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  However, where willing counsel is available, the district court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); Agyeman v. Corrections Corp. of America, 390 F.3d 1101,

1103 (9th Cir. 2004), cert. denied, 545 U.S. 1128 (2005).

The district court may appoint such counsel where "exceptional circumstances" exist. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), cert. denied, 559 U.S. 906 (2010) (citing Agyeman, 390 F.3d at 1103). In determining whether or not exceptional circumstances exist, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Palmer, 560 F.3d at 970 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Circumstances common to most pro se litigants, such as lack of formal legal education, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

## II.   SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In assessing whether an action fails to state a claim, courts apply the same standard they would in a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (explaining that the language in section 1915(e)(2)(B)(ii), as it applies to dismissals for failure to state a claim, "parallels the language of the Federal Rules of Civil Procedure 12(b)(6)."). Failure to state a claim is distinct from the frivolousness standard of 1915(e)(2)(B)(i) in that the frivolousness standard is "more lenient" than Rule 12(b)(6). Neitzke v. Williams, 490 U.S. 319, 322-23 (1989).

Plaintiff must assist the court in making this determination by drafting his complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way). Plaintiff's claims must be set forth simply, concisely and directly. See "Rule 8" of the

1   Federal Rules of Civil Procedure (Fed. R. Civ. P. 8).[1]

2        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke, 490 U.S. at 325.  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See id. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

     However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

     Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

     A.  The Complaint

     The Complaint names two California Highway Patrol officers and two employees of the Department of Motor Vehicles ("DMV") as defendants.[2]  The allegations of the complaint are taken as true only for the purposes of this screening.

////

---

[1] The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

[2] "Officer Joseph L Davis (019250) of (CHP) (CPS)," "Officer Richard Anglesey (019574) of (CHP) (CPS)," "Department of Motor Vehicles MIS 1256 Employee F.C.Z.," and "Department of Motor Vehicles MIS 1256 Employee D.S.A."

3

The Complaint alleges that CHP Officer Anglesey arrested plaintiff on March 27, 2014 for driving with a blood-alcohol level of 0.08 or greater. Complaint (ECF No. 8) at 2 ¶ 8. Plaintiff's license was suspended, and he was incarcerated for 18 hours in the Sacramento County Jail, charged with a felony. Id. at 2-3 ¶¶ 8, 10. Plaintiff alleges that this conduct amounted to a false arrest, and a search and seizure in violation of his Fourth Amendment rights. Id. at 3 ¶ 12.

On July 3, 2014, CHP Officers Anglesey and Davis arrested plaintiff for driving with a blood-alcohol level of 0.08 or greater. Id. at 3 ¶ 9. Plaintiff's license was suspended, and he was incarcerated for 16 hours in the Sacramento County Jail. The Complaint alleges that this conduct amounted to a search and seizure in violation of his Fourth Amendment rights. Id. at 3 ¶ 13.

Both arrests were "unwarranted." Id. at 1 ¶ 1. Plaintiff's car was seized for 30 days "in violation of due process." Id. at 3-4 ¶ 14. The Department of Motor Vehicles ultimately concluded that the license suspensions, made pursuant to Cal. Veh. Code § 13353.2, were "unwarranted." Id. at 5 ¶ 21.

Plaintiff seeks declaratory, injunctive and damages relief.

### B. Fourth Amendment – Searches and Seizures

#### 1. False arrest

The Complaint now alleges that plaintiff was arrested on two separate occasions by named CHP officers, that the arrests were "unwarranted" and that the charges against him were ultimately dismissed. Viewing the allegations in the light most favorable to plaintiff, the court reads the Complaint as alleging that the arrest was made without probable cause. These allegations are sufficient, for screening purposes, to require defendant CHP officers to respond to plaintiff's Fourth Amendment claim for false arrest. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) ("[t]o prevail on his § 1983 claim for false arrest and imprisonment, Cabrera would have to demonstrate that there was no probable cause to arrest him").

#### 2. Search

The complaint alleges that plaintiff and his car were searched on both occasions, in violation of his Fourth Amendment rights. Complaint at 3 ¶¶ 12, 13. Although threadbare, this

4

1 pro se Complaint, construed in plaintiff's favor, is alleging that the searches were also
2 "unwarranted," even though plaintiff does not specifically repeat that language for this claim.
3 Accordingly, since the search was conducted pursuant to an allegedly false arrest, the court reads
4 the complaint as alleging that the searches were unreasonable. That is sufficient, for screening
5 purposes, to require the CHP officers to respond to plaintiff's Fourth Amendment claim for
6 unlawful search. See United States v. Soto–Zuniga, 837 F.3d 992, 998 (9th Cir. 2016) ("[t]he
7 Fourth Amendment prohibits unreasonable searches and seizures").

     3. Vehicle impoundment

9   The impoundment of plaintiff's car "is a seizure within the meaning of the Fourth
10 Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005) ("[t]he Fourth
11 Amendment protects against unreasonable interferences in property interests regardless of
12 whether there is an invasion of privacy"). Accordingly, it must be reasonable. Id. at 862 ("[t]he
13 Fourth Amendment protects against unreasonable interferences in property interests").
14   The complaint alleges that the CHP officers seized plaintiff's car because he was driving
15 on a suspended license. See Cal. Veh. Code § 14602.6(a)(1) (authorizing seizure of vehicle when
16 driven on a suspended license). However, plaintiff alleges that his license had been "falsely
17 suspended." Complaint at 3 ¶¶ 12-14. The Complaint, construed in plaintiff's favor, therefore
18 alleges that the seizure was unreasonable. Complaint at 1 ¶ 1. That is sufficient, for screening
19 purposes, to require the CHP officers to respond to plaintiff's Fourth Amendment claim for
20 unlawful seizure of his car.

    C. Fourteenth Amendment – Due Process

22   Plaintiff alleges that his car was seized without Due Process. Complaint at 2 ¶ 7.
23 Although confusingly labeled and pled, the Complaint appears to be alleging that an unnamed
24 employee of DMV's Drivers Safety Appeals ("D.S.A.") Unit denied plaintiff the opportunity to
25 have a hearing regarding the seizure of his car. See id. at 8 ¶¶ 15, 16, 19, 20; see Cal. Vehicle
26 Code § 14602.6 (setting out post-impoundment hearings and other procedures). That is
27 sufficient, for screening purposes, to allege a Due Process violation. See Brewster v. Bd. of
28 Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998) ("[a] procedural due

5

process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections"). However, since plaintiff is suing an unidentified defendant – essentially, a "Doe" defendant – the court cannot order service of process on that defendant at this time.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel (ECF No. 9), is DENIED without prejudice to its renewal after defendants have responded to the Complaint.
2. Service is appropriate for the following defendants:
    - Officer Joseph L. Davis (019250) of (CHP) (CPS)
    - Officer Richard Anglesey (019574) of (CHP) (CPS)
3. The Clerk of the court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.
4. The Clerk of the Court shall send plaintiff, for each defendant in ¶ 2, above: one USM-285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.
5. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, **and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal** (see attachment). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 2, above, at least:
    a. One completed summons;
    b. One completed USM-285 form;
    c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;
    d. One copy of the instant order; and

1       e.  An appropriate form for consent to trial by a magistrate judge.
2    6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on
3       any defendant within 90 days from the date of this order, the Marshal is directed to
4       report that fact, and the reasons for it, to the undersigned.
5    7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal,
6       501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.
7    8. Failure to comply with this order may result in a recommendation that this action be
8       dismissed.
9  DATED: January 23, 2017

          _____
          ALLISON CLAIRE
          UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. QUILICI,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>        Defendants. | No.  2:16-cv-1523 MCE AC (PS)<br><br><br>NOTICE OF SUBMISSION |

    Plaintiff has submitted the following documents to the U.S. Marshal, in compliance with the court's order filed _____:

    \_\_\_\_ completed summons form

    \_\_\_\_ completed USM-285 form

    \_\_\_\_ copy of the complaint

    \_\_\_\_ completed form to consent or decline to consent to magistrate judge jurisdiction

_____    _____
Date                                                                                       Plaintiff's Signature